# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 22-337


**SEAN SHEPHERD, ET AL.**

**VERSUS**

**KIMBERLY J. LEWIS, SECRETARY,**

**DEPARTMENT OF REVENUE, STATE OF LOUISIANA**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
BOARD OF TAX APPEALS
NO. 12779B
ANTHONY J. "TONY" GRAPHIA, CHAIR
CADE R. COLE, MEMBER
FRANCIS J. "JAY" LOBRANO, MEMBER

**\*\*\*\*\*\*\*\*\*\***

**SHANNON J. GREMILLION**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Shannon J. Gremillion, John E. Conery, and Candyce G. Perret, Judges.


**REVERSED AND REMANDED.**

**Sean Shepherd**
**626 Joe Miller Road**
**Lake Charles, LA 70611**
**(713) 240-3381**
**IN PROPER PERSON**
    **APPELLANT**

**Debra Dauzat Morris**
**Antonio C. Ferachi**
**Miranda Y. Conner**
**Brian Dejean**
**Louisiana Department of Revenue**
**P. O. Box 4064**
**Baton Rouge, LA 70821-4064**
**(225) 219-2080**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Kimberly J. Lewis, Secretary, Louisiana Department of Revenue**

**Brittani Anderson**
**Louisiana Board of Tax Appeals**
**617 North Third Street**
**Baton Rouge, LA 70802**
**(225) 219-2080**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Kimberly J. Lewis, Secretary, Louisiana Department of Revenue**

**GREMILLION, Judge.**

The taxpayer, Mr. Sean Shepherd, appeals the Louisiana Board of Tax Appeals' determination that his demand for refund of overpaid taxes for the year 2013 is prescribed. For the reasons that follow, we reverse the determination and remand the matter for further proceedings.

## FACTS AND PROCEDURAL POSTURE

On May 13, 2019, Mr. Shepherd's bank account with Chase Bank was distrained[1] by the Louisiana Department of Revenue (LDR) of $9,455.18 for taxes LDR asserted were owed for 2013. On November 25, 2019, Mr. Shepherd filed his Louisiana income tax return for 2013 in which he claimed entitlement to a refund of $1,078.00. This return did not include the distrained funds.

On March 9, 2021, LDR wrote Mr. Shepherd and denied his request for a refund on the grounds that his return was filed after the expiration of the period prescribed by La.R.S. 47:1623(A).

By letter dated April 30, 2021, Mr. Shepherd filed an appeal before the Louisiana Board of Tax Appeals regarding the rejection of his demand for a refund. Mr. Shepherd's demand was docketed.

LDR filed an exception of prescription, later amended by leave of the board, which posited that Mr. Shepherd was barred from contesting the distraint for two reasons: 1) Because he was sent notice of the assessment and failed to appeal it, the assessment became final after the expiration of sixty days following the notice pursuant to La.R.S. 47:1565; and 2) Mr. Shepherd's bank account was levied in May 2019; therefore, the taxes were "paid" for purposes of La.R.S. 47:1623(A). This

---

[1] Distraint is "the right to levy upon and seize . . . any property or rights to property of the taxpayer[.]" La.R.S. 47:1570. It is subject to certain limitations.

allowed him one year within which to claim a refund. Because Mr. Shepherd's 2013 tax return failed to include the distrained funds, it did not constitute a claim for a refund of that money.

The Louisiana Board of Tax Appeals heard LDR's exception on November 3, 2021. LDR offered no evidence in support of its exception. LDR argued that it was prevented from introducing evidence of the notice because its system includes federal tax information of which the IRS prohibits disclosure. Initially, LDR argued that Mr. Shepherd's own documentation he submitted with his appeal constituted full proof of its exception. The chairman of the board pointed out that these could not be considered as they had not been submitted into evidence, after which a member of the board suggested that LDR's counsel simply introduce them. LDR moved to offer those filings, and the filings were admitted.

Under questioning from members of the board, counsel for LDR conceded that Mr. Shepherd had filed his 2013 return within one year of the distraint, and that had he shown on the return the amount of the distraint as taxes he had paid, his appeal would have been timely.

Mr. Shepherd argued that he was following the advice of LDR personnel he contacted after he was informed of the distraint. He pointed out that LDR had not introduced the notice. Further, he argued that his filing of the 2013 tax return was timely, as it asserted that he was entitled to a refund of over $1,000.00.

The board took the matter under advisement and issued a ruling maintaining LDR's exception. Mr. Shepherd timely appealed. He asserts that the board committed the following errors:

> 1. The LBTA erred in ruling in favor of the LDR because LDR has the burden of proof and failed to meet the basic sufficiency requirements to support the Exception. The Taxpayer has never seen

2

the 2017 "Notice of Assessment" claimed in element # 1 of the Amended Exception of Prescription, and the LDR refused to show that such notice exists.

2. The LBTA erred in ruling in favor of the LDR because the Taxpayer established his claim on November 25, 2019[,] when he filed per the instructions of the "Issuer of The Levy" (aka Secretary, LA Dept of Revenue).

3. The LBTA erred and showed bias in favor of the LDR because the Amended Exception of Prescription was retroactively written specifically for the purpose of depriving the Taxpayer of his money.

4. The LBTA erred in not awarding the Taxpayer at least the amount claimed on the return since it was filed within 1 year of a large levy taking place.

5. The LBTA ruling is unreasonable because the amounts levied are excessive vs the fact that the Taxpayer never had any outstanding tax liability or penalties.

6. The LBTA erred in ruling in favor of the LDR because the ruling sets an unreasonable precedent. The Taxpayer demonstrated that the LDR had been engaged in a pattern of covert garnishments over years for which there is no accounting.

## ANALYSIS

*Prescription*

"[P]rescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished; thus, of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted." *Carter v. Haygood*, 04-646, p. 10 (La. 1/19/05), 892 So.2d 1261, 1268. The party urging prescription bears the burden of proving the merits of the exception except when the grounds of the exception are evident on the face of the petition, in which case the burden shifts to the plaintiff to demonstrate that prescription has not tolled. *Id*. If evidence is adduced during the hearing on an exception of prescription, courts of appeal review findings of fact under the manifest error standard; otherwise, the exception is reviewed de novo. *Stobart v. State, Dep't of Transp. & Dev.*, 617 So.2d

880 (La.1993). The manifest error standard of review applies to decisions of the Board of Tax Appeals. *Herman E. v. Robinson*, 19-213 (La.App. 1 Cir. 12/27/19), 292 So.3d 561.

*Tax assessment*

The assessment and collection procedures available to LDR are governed by La.R.S. 47:1561 through 1584. When a taxpayer does not file a return, the LDR Secretary "shall determine the tax, penalty, and interest due by estimate or otherwise. Having determined the amount . . . the secretary shall send by mail a notice to the taxpayer at the address in the last report filed by him . . . or to any address that may be obtainable[.]" La.R.S. 47:1562(A). This notice is to inform the taxpayer of the secretary's "purpose to assess the amount so determined against him after thirty days from the date of the notice." *Id.* The taxpayer may then, within that thirty-day window, protest the secretary's determination in writing. La.R.S. 47:1563. Thirty days after the notice, the secretary then assesses the taxes, penalties, and interest he has determined to be due if no protest has been lodged in writing. La.R.S. 47:1564. After the secretary assesses the taxes, penalties, and interest, he must send a notice to the taxpayer by certified mail. La.R.S. 47:1565(A). "This notice shall inform the taxpayer of the assessment and that he has sixty calendar days from the date of the notice to either pay the amount of the assessment or to appeal to the Board of Tax Appeals for a redetermination of the assessment." La.R.S. 47:1565(C)(2). The secretary may alternatively mail the notice by regular mail. La.R.S. 47:1565(D)(1). This mailing must be proven by a certificate of mailing or other proof of mailing from the United States Postal Service, an affidavit of the person who mailed the notice, or other evidence. *Id.*

4

> If the taxpayer has not filed an appeal with the Board of Tax Appeals within the sixty day period, the assessment shall be final and shall be collectible by distraint and sale as hereinafter provided. If an appeal for a redetermination of the assessment has been filed, the assessment shall not be collectible by distraint and sale until such time as the assessment has been redetermined or affirmed by the Board of Tax Appeals or the court which last reviews the matter.

La.R.S. 47:1565(B). And finally:

> If the secretary in his sole discretion sends the copy of the notice of assessment provided for in Paragraph (1) of this Subsection, the transmittal of the notice shall have no impact on: the time within which the amount of the assessment is required to be paid or paid under protest, or, as provided in this Section, the time within which the assessment becomes final or the time within which an appeal may be made to the Board of Tax Appeals.

La.R.S. 47:1565(D)(3). The notice mandated by La.R.S. 47:1565 is the one LDR claims, but did not prove, it sent Mr. Shepherd.

Section 1565 contains a proviso that allows the secretary discretion to determine that an assessment is based on an error of fact or law, in which event the assessment is not final. La.R.S. 47:1565(C). However, "no action against the secretary with respect to the determination shall be brought in any court, nor shall any appeal relating thereto be brought before the Board of Tax Appeals, and no court shall have jurisdiction of any such action nor the Board of Tax Appeals of any such appeal[.]" *Id.*

In *Diamond M Drilling Co. v. Collector of Revenue*, 349 So.2d 337 (La.App. 4 Cir. 1975), the court of appeal determined that the petition before the Board of Tax Appeals filed by a taxpayer seeking recission of a certain amount was subject to an exception of prematurity because the notice under Section 1565 had never been sent to the taxpayer.

The same reasoning applies to Mr. Shepherd's case. The sixty-day period for appealing an assessment does not begin to run without notice. Thus, proof of the

5

notice is essential to sustain an exception of prescription grounded in the finality of the assessment. We find the Board of Tax Appeals erred in sustaining the exception of prescription on that basis.

*Refunds of overpayments*

The procedures whereby a taxpayer may obtain a refund for taxes that were overpaid are established by La.R.S. 47:1621-1627. The secretary is authorized to refund overpayments under rather broadly prescribed circumstances. La.R.S. 47:1621(A). Before issuing a refund, the secretary may credit an overpayment to other tax liabilities the taxpayer owes. La.R.S. 47:1622.

> After three years from the 31st day of December of the year in which the tax became due or after one year from the date the tax was paid, whichever is the later, no refund or credit for an overpayment shall be made unless a claim for credit or refund has been filed with the secretary by the taxpayer claiming such credit or refund before the expiration of said three-year or one-year period. The maximum amount which shall be refunded or credited shall be the amount paid within said three-year or one-year period. The secretary shall prescribe the manner of filing claims for refund or credit.

La.RS. 47:1623(A). This is the provision on which LDR relies to argue that Mr. Shepherd's claim for a refund is prescribed: because he did not claim a refund for the $9,455.18, he did not submit a claim for a refund within one year of when the tax was paid.

We note that the statute does not designate a procedure by which a taxpayer submits a "claim for credit or refund." However, our colleagues of the first circuit determined that LDR failed to prove that the taxpayers' claim for refund was prescribed when LDR asserted that the taxpayers' tax return was received after the expiration of the three-year period, but the taxpayers asserted that the return had been mailed within the three-year period. *Herman E.*, 292 So.3d 561.

6

We adopt the first circuit's interpretation of La.R.S. 47:1623(A): the taxpayer's return that seeks a refund of overpayment constitutes the filing of a "claim for credit or refund." In the present matter, Mr. Shepherd filed a 2013 return within one year of the distraint of his funds held by Chase Bank. He asserted in that tax return that he was owed a refund of $1,078.00 before the distrained funds were considered. Thus, Mr. Shepherd timely filed a claim for a refund within seven months of the distraint, regardless of the amount. The claim for a refund had not prescribed.

The judgment of the Board of Tax Appeals is reversed. The matter is remanded to the Board of Tax Appeals for further proceedings consistent with this opinion. All costs of this appeal, totaling $773.00, are taxed to the Louisiana Department of Revenue.

**REVERSED AND REMANDED.**